# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

ZACHARY W. CAPPS and ASPEN VALLEY HOLDINGS, LLC,,

    Plaintiffs,

vs.

BULLION EXCHANGE, LLC and ERIC GOZENPUT,

    Defendants.

Case No. 18-CV-162-GKF-FHM

## **OPINION AND ORDER**

Defendant Bullion Exchange, LLC's Motion to Compel Discovery Responses From Plaintiff Zachary W. Capps, [Dkt. 39], and Defendant Bullion Exchange, LLC's Second Motion to Compel Discovery Responses From Plaintiff Zachary W. Capps, [Dkt. 45], are before the undersigned United States Magistrate Judge for decision. The matters have been fully briefed. [Dkt. 39, 46, 45, 49, 50, 54].

## **Dkt. 39**

The remaining discovery dispute concerns Defendant's Request For Production of Documents Nos. 11, 13, 14, 15, and 17 which seek the following information:

> No. 11: Produce all documents, recordings and other materials which in any way relate to other gold or precious metal orders you, or someone on your behalf, has made from January 1, 2014 to the present.
>
> No. 13: Produce all documents, recordings and other materials relating to all precious metals you, or someone on your behalf, sold from January 1, 2014 to the present.
>
> No. 14: Produce all documents, recordings and other materials relating to any chargeback requested, and /or or [sic] claim filed by you, or someone on your behalf, with a credit card company, PayPal, or insurance company within the past five (5) years.

> No. 15. Produce all documents, recordings and other materials relating to any cases or claims filed by you or someone on your behalf with the United States Postal Service within the last five (5) years.
>
> No. 17: Produce a copy of your credit card statements which reflect all purchases your [sic] or someone on our behalf made and/or all chargebacks for precious metals and other investments from January 1, 2014 through the present.

[Dkt. 39, pp. 7-8]. Plaintiff asserted the same objection to every request: "Capps objects on the grounds the request is not relevant to the subject matter of this litigation. Capps objects on the grounds the request is overly broad, unduly burdensome and vague." *Id.*

In response to the motion to compel, Plaintiff states that he owns several rent houses and constructs new homes. He asserts that Defendant is not entitled to information related to those endeavors. [Dkt. 46, p. 6]. Plaintiff argues the information sought is not relevant.

The court finds that considering the factors listed in Fed.R.Civ.P. 26(b)(1), Plaintiff's responses should be limited to Plaintiff's buying and selling of gold or other precious metals. The dispute in this case came about as a result of allegedly false derogatory statements Defendant made about Plaintiff's business practices. Defendant has referred to information about other precious metals transactions that Defendant claims will demonstrate the truth of the statements. Defendant has not, however, provided any information about Plaintiff's practices in other areas of his business dealings. The court will not order wide ranging and intrusive discovery into Plaintiff's business dealings absent specific information from Defendant as to what he was referring when he made the

statements at issue in this case. The court finds that Plaintiff's responses are properly limited to information related to gold and precious metals transactions.

Defendant Bullion Exchange, LLC's Motion to Compel Discovery Responses From Plaintiff Zachary W. Capps, [Dkt. 39], is granted in part and denied in part as specified herein.

## Dkt. 45

The parties have agreed that after supplementation of discovery responses, only Interrogatory No. 15 remains at issue. [Dkt. 54, p. 1].

> Interrogatory No. 15: Identify, with specificity and in full detail, all chargebacks and/or claims filed by you, your wife, and/or any companies with whom you are or were a director, ,officer, or owner. This is limited to 2005 through the present and includes, but is not limited to, all chargebacks and claims filed with insurance companies, credit card companies, PayPal, and/or other online service vendor.

[Dkt. 45-3, p. 10]. Plaintiff objected, as follows:

> Capps objects on the grounds the interrogatory is not relevant to the subject matter of this litigation. Capps objects on the grounds the interrogatory is overly broad, unduly burdensome and vague. Capps objects on the grounds the temporal scope of the interrogatory is overly broad and unduly burdensome.

*Id.*

Defendant asserts that the legitimacy of Plaintiff's past business practices has been put at issue by the claims asserted in Plaintiff's Amended Complaint. Plaintiff asserts that he owns numerous businesses and over 40 rental properties. He states that at times he must make insurance claims, most commonly for damage to real property or warranty claims for products installed in the properties. He argues that those claims are not relevant to this action. Plaintiff further states that it would be burdensome to search 14 years of

3

records for such information.  Plaintiff argues that Interrogatory No. 15 should be limited to credit card disputes, chargebacks, or insurance claims on precious metals purchases.  In reply, Defendant asserts that the information is being sought to contradict Plaintiff's claim that the statement allegedly made by Defendant asserting Plaintiff engaged in fraudulent business particles were false.

For the reasons outlined above and having reviewed the alleged defamatory statements, and the Amended Complaint, the court finds that Interrogatory No. 15 is properly limited to credit card disputes, chargebacks, or insurance claims for precious metal purchases from January 1, 2014 to the present.  The court finds that in view of Plaintiff's many business interests, broader discovery into his credit card dealings and insurance claims would not be proportional to the needs of the case.  *See* Fed.R.Civ.P. 26(b)(1).  Defendants limited their requests for production of documents to a period from January 1, 2014 to the present and provided no information as to why the longer period of time is necessary for this interrogatory.

Defendant Bullion Exchange, LLC's Second Motion to Compel Discovery Responses From Plaintiff Zachary W. Capps, [Dkt. 45], is granted in part and denied in part as specified herein.

## Conclusion

Defendant Bullion Exchange, LLC's Motion to Compel Discovery Responses From Plaintiff Zachary W. Capps, [Dkt. 39], is GRANTED in part and DENIED in part, as specified herein.

4

Defendant Bullion Exchange, LLC's Second Motion to Compel Discovery Responses From Plaintiff Zachary W. Capps, [Dkt. 45], is GRANTED in part and DENIED in part as specified herein

Bullion Exchange, LLC's Second Motion to Compel Discovery Responses From Plaintiff Aspen Valley Holdings, LLC, [Dkt. 44], is DENIED as moot.[1]

SO ORDERED this 25th day of March, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] At footnote one of Plaintiff's response brief, [Dkt. 50], Plaintiff represents that Defendants have agreed to withdraw Bullion Exchange, LLC's Second Motion to Compel Discovery Responses From Plaintiff Aspen Valley Holdings, LLC, [Dkt. 44]. Defendant has not filed a reply brief disputing that representation, therefore the court will enter an order denying that motion as moot. For the sake of clarity, the court prefers that the party who filed the initial motion, file a short document advising that the motion has been resolved by the parties.