IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ZACHARY W. CAPPS and ASPEN
VALLEY HOLDINGS, LLC,

                Plaintiffs,

vs.

BULLION EXCHANGE, LLC and ERIC
GOZENPUT,

                Defendants.

Case No. 18-CV-162-GKF-FHM

## OPINION AND ORDER

Defendant Bullion Exchange, LLC's Third Motion to Compel Discovery Responses From Plaintiff Zachary W. Capps, [Dkt. 59], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed. [Dkt. 59, 68, 69].

**Compliance with Order of March 25, 2019**

The court entered an order requiring Plaintiff to provide limited documents in response to Defendants' Request for Production of Document Nos. 11, 13, 14, 15, and 17. [Dkt. 55]. That order was entered on March 25, 2019. Plaintiff's brief filed in response to the instant motion was filed on April 29, 2019. [Dkt. 68]. Plaintiff's brief contains supplemental responses to the subject requests for production. [Dkt. 68, pp. 6-8]. The order compelling production of discovery did not contain a due date for production.

If Plaintiff has not already done so, the discovery responses contained in Plaintiff's brief, [Dkt. 68], should be placed in the form of a supplemental discovery response, properly certified in accordance with Fed.R.Civ.P. 26(g), and provided to Defendant along with responsive documents on or before May 20, 2019.

**Defendant's Second Set of Discovery Requests**

The disputed discovery requests relate to claimed business losses. The calculation of damages claimed in Plaintiff's Supplemental Initial Disclosures includes business loss consisting of: lost profit ($120,000) and carrying costs ($110,077.35) on the sale of a house at 2668 East 33rd Place; and costs of Accent Property Management Company amounting to 10% of all rental income. [Dkt. 59-1, pp. 3-4]. At several points throughout Defendant's briefing, Defendant reminds the court that Plaintiff seeks over 12 million dollars in damages as justification for broad discovery into Plaintiff's business records. [Dkt. 59, p. 3, 13, 18; Dkt. 69, p. 3]. The court notes that, for the most part, the damages claimed by Plaintiff do not relate to business losses, but are claimed for emotional distress, personal humiliation, loss of reputation and standing in the community, and punitive damages. As specified above, the business losses are specific and a relatively small part of the total damages claimed.

<u>Interrogatory No. 21 and Request for Production No. 20</u>

Interrogatory No. 21 seeks an itemization of all lost income and other damages, including the total amount of lost income, an explanation of how that was calculated, and identification of all rental properties Plaintiff has allegedly been unable to lease.

Request for Production No. 20 seeks documents which support that any business entity has lost income.

Defendant's arguments in support of compelling further answer to these requests rely in part on Mr. Capp's March 27, 2019 deposition testimony as to his belief that he was unable to lease all of his properties because of the defamatory post made by Defendant. Defendant states more information is needed about the properties to evaluate whether any

property was vacant for any period of time. Therefore Defendant requests the court to compel Plaintiff to produce all lease agreements from January 1, 2015 through the present as that information would be responsive to Interrogatory No. 21 and Request for Production No. 20.

On March 29, 2019, after Mr. Capp's deposition and before the instant motion was filed, Plaintiff provided Defendant Supplemental Initial Disclosures which contains a calculation of damages claimed. The damages do not include any reference to the inability to rent properties. [Dkt. 59-1, pp. 3-4]. The court finds that, in light of the Supplemental Initial Disclosures, there is no basis for requiring production of all lease agreements.

Mr. Capps testified that after the offending post, management of the rental homes was transferred to Accent Property Management because of worry about people not wanting to meet him or do business with him due to the nature of the post that is the subject of this lawsuit. The agreement between CappsTyler Property, LLC and Accent Property Management has been produced. Plaintiff also represents that a listing of all rental properties for 2016, 2017, and 2018 has been produced.[1] The list includes rental amounts, taxes, homeowner fees, insurance, and debt service. Mr. Capps has also produced his tax returns with all schedules for 2015, 2016, and 2017. Concerning losses on the home on East 33rd Place, Plaintiff has produced loan documents and listing documents from two brokers which reflect listing price, appraisals, comparable sales, and the ultimate sales price.

---

[1] The court notes that Defendant points out the Mr. Capps claims to have 50 rental properties, but the list contains information for only 34 properties. Since proof of damages will be limited to the information produced in discovery the court finds that the difference is of no consequence.

The court finds that Plaintiff has sufficiently responded to these discovery requests.

### Request for Production No. 19

Request for Production No. 19 seeks production of all financial information for 2014 through 2018 for any business entity for whom Plaintiff is claiming damages in this action. As confirmed by the Supplemental Initial Disclosures, Plaintiff states that he is only claiming loss on the 33rd Place property. The aforementioned documentation has been provided concerning this property as has the operating agreement for CappsTyler Property, LLC, which shows Mr. Capp's ownership percentage in that property. The court finds that Plaintiff has sufficiently responded to Request for Production No. 19.

### Request for Production Nos. 23, 24, 25, 26, and 27

Request for Production No. 23 seeks production of all documents and materials which support rental amounts received, and expenses listed on the spreadsheet of Plaintiff's rental properties.

Request for Production No. 24 seeks production of all documents and materials from which the financial data produced in discovery was derived in native format.

Request for Production No. 25 seeks production of "all financial information produced in response to Defendants' discovery requests," [Dkt. 59, p. 15] and any documents and materials which support the damages being sought in native format.

Request for Production No. 26 requests production of the physical computer and all backups upon which any financial information produced in discovery is stored.

Request for Production No. 27 seeks production of the physical computer and all backups used to create the financial information produced in this lawsuit for forensic examination.

Defendant's justification for this broad invasive discovery is that Defendant "has concerns that Mr. Capps would be willing to fabricate certain financial documents to inflate his damages." [Dkt. 59, p. 16]. Defendant has provided no basis for his "concerns" which should, in any event, be allayed by comparison of Mr. Capps' tax schedules to the other information that has been provided. The court finds that Defendant's discovery requests, Request for Production Nos. 23, 24, 25, 26, and 27, are overbroad and are far out of proportion to the needs of the case.

**Conclusion**

Defendant Bullion Exchange, LLC's Third Motion to Compel Discovery Responses From Plaintiff Zachary W. Capps, [Dkt. 59], is DENIED. However, from the parties' briefing is not entirely clear whether Plaintiff has provided a computation of the costs of Accent Property Management Company. Plaintiff is required to provide information in compliance with Fed.R.Civ.P. 26(A)(1)(iii) to support that element of damages.

May 23, 2019 is set as the deadline for Plaintiff's production of supplementation and documents required by the March 25, 2019 ORDER, [Dkt. 55].

SO ORDERED this 15th day of May, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE